UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawn Timothy Cermak | Case No. 18-cv-1267-SRN-KMM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Host International, | |
| Defendant. | |

This matter is before the Court on Defendant Host International's ("Host") motion to dismiss Shawn Timothy Cermak's Complaint. ECF No. 6. Host argues that Mr. Cermak has failed to allege sufficient facts in his Complaint to state a claim upon which relief can be granted. Def.'s Mem. at 2–5, ECF No. 7. The District Court referred the motion to this Court. ECF No. 10. For the reasons that follow, the Court recommends that Host's motion be granted.

**I.    Mr. Cermak's Allegations**

Mr. Cermak's Complaint comprises five paragraphs. First, he alleges that Host violated the Americans with Disabilities Act "by not making reasonable accommodations to [his] abilities and skills by denying a spot in the maintenance department by Roxanne and Jeff saying no positions are available." Comp. ¶ 1, ECF No. 1-1. Next, he alleges that Host is liable for failing to maintain equipment in compliance with standards established by the Occupational Safety and Health Administration, causing him to be burned several times. *Id.* ¶ 2. Third, he argues that Host violated the "MN health code by improperly repairing a front dump sink," which involved using "plumbers putty" where welding should have been employed instead. *Id.* ¶ 3. Fourth, Mr. Cermak alleges that Host hired unqualified maintenance staff to make repairs to refrigeration equipment. *Id.* ¶ 4. Finally, he asserts that Host hired "unqualified supervisors and management that do not accommodate to people with disabilities and skills." *Id.* ¶ 5. Mr. Cermak seeks $20M in damages and various forms of injunctive relief. *Id.*

1

## II. Legal Standard

When considering a motion to dismiss for failure to state a claim, the Court must take all the factual allegation in Mr. Cermak's Complaint to be true. *Morton v. Becker*, 793 F.3d 185, 187 (8th Cir. 1986). The Court does not accept as true wholly conclusory statements or legal conclusions drawn from the facts. *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Pro se complaints, like the one drafted by Mr. Cermak, must be construed liberally. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, "they still must allege sufficient facts to support the claims advanced." *Id.* To liberally construe a pro se plaintiff's complaint means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits a layperson's claim to be considered in the proper legal framework." *Id.* at 915; *see also Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*, 364 F.3d at 915). The Court should also consider any factual allegations in Mr. Cermak's response to the motion to dismiss and other submissions before the Court when evaluating the sufficiency of his Complaint. *See Pratt v. Corrections Corp. of Am.*, 124 Fed. App'x 465, 466 (8th Cir. Feb. 14, 2005).

## III. ADA Claim

Reasonably construed, Mr. Cermak asserts that he was denied a position in Host's maintenance department because supervisors would not make a reasonable accommodation for his disability. *See* Compl. ¶¶ 1, 5. The ADA prohibits discrimination against a person on the basis of disability "in regard to job application procedure, the hiring, advancement, or discharge of employees, employee compensation, job training and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Discrimination includes the failure to make certain reasonable accommodations for known physical or mental limitations of an applicant or employee. *Id.* § 12112(b)(5). Such a claim requires a plaintiff to show that he was disabled, that he was qualified to perform the essential functions of the job, either with or without the accommodation, and that he suffered adverse employment actions because of his disability. *See Gilmore v. AT & T*, 319 F.3d 1042, 1047 (8th Cir. 2003).

Host argues that Mr. Cermak's reasonable-accommodation claim must be dismissed for failure to state a claim because he did not allege that he exhausted his administrative remedies. Def.'s Mem. at 2–3. Exhaustion is a prerequisite for a claim brought under the ADA. *Randolph v. Rogers*, 253 F.3d 342, 347 n.8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies[.]"). To exhaust administrative remedies for an ADA claim, Mr. Cermak was required to timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receive a right-to-sue letter from the EEOC. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002) ("Administrative remedies are exhausted by the timely filing of a charge and the receipt of a right-to-sue letter.").

Ordinarily, exhaustion of administrative remedies is an affirmative defense that a defendant must plead and prove. *See Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997) ("[F]ailure to exhaust administrative remedies [in a Title VII case] is an affirmative defense ... [and] the defendant bears the burden of pleading and proving that the plaintiff has failed to exhaust administrative remedies."); *Dao v. Auchan Hypermarket,* 96 F.3d 787, 789 (5th Cir. 1996) (noting that the ADA incorporates the administrative prerequisites of Title VII). "'Affirmative defenses cannot form the basis to dismiss unless the plaintiff's complaint pleads the plaintiff out of court.'" *Aku v. Chicago Bd. of Educ.*, 290 F. Supp. 3d 852, 861–62 (N.D. Ill. 2017) (quoting *Graham v. United Parcel Serv.*, 519 F.Supp.2d 801, 808 (N.D. Ill. 2007) (citing *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718–19 (7th Cir. 1993))). Where the plaintiff alleges in a complaint that he filed a charge with the EEOC, dismissal pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies is improper. *Miles v. Bellfontaine Habilitation Center*, 481 F.3d 1106, 1107 (8th Cir. 2007) (per curiam) (reversing dismissal of Title VII claim where the plaintiff alleged that she filed a charge with the EEOC and attached a right-to-sue letter).

Here, the Court need not look beyond the pleadings to determine that the failure-to-exhaust-administrative-remedies defense warrants dismissal of Mr. Cermak's ADA claim. Unlike the plaintiff in *Miles*, Mr. Cermak does not allege in his Complaint that he filed a charge with the EEOC, nor does he allege that he received a right-to-

3

sue letter.[1] *See* 481 F.3d at 1107. The face of Mr. Cermak's Complaint shows that he failed to exhaust administrative remedies prior to bringing his claim in this lawsuit as required under the ADA. Accordingly, dismissal of the ADA claim for non-exhaustion is appropriate. *Cf. Faibisch*, 304 F.3d at 802–03 (rejecting appellant's argument that the district court erred in dismissing employment-discrimination claim based on failure to exhaust without converting motion for judgment on the pleadings into a motion for summary judgment because an EEOC charge was properly considered under Rule 12(b)(6) standards).

Alternatively, the Court recommends that Mr. Cermak's ADA claim be dismissed for failure to state a claim because his allegations are insufficient. Mr. Cermak does not allege any facts from which the Court could infer that Host knew about his disability when he was not selected for a job in the maintenance department. Mr. Cermak also does not allege that he asked Host to make any specific accommodation. As a result, there are no non-conclusory factual allegations in his pleading that show Host failed to make a reasonable accommodation to a known physical or mental limitation of Mr. Cermak when he applied for the job. *See* 42 U.S.C. § 12112(b)(5)(A). Nor are there any non-conclusory allegations from which the Court could infer that Host denied Mr. Cermak employment opportunities because Host would have to make a reasonable accommodation for a mental or physical disability. *Id.* § 12112(b)(5)(B).

For these reasons, Mr. Cermak's ADA claim should be dismissed.

---

[1] For claims alleging discrimination on the basis of disability, 42 U.S.C. § 12117 incorporates the procedures established in 42 U.S.C. § 2000e-5 (Title VII). Section 2000e-5(e)(1) requires a charge to be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred. In response to Host's exhaustion argument, Mr. Cermak states that sections 12117 and 2000e-5(e)(1) "do [not] apply in this case because administrative process was exhausted." Pl.'s Resp. at 1, ECF No. 13. Mr. Cermak incorrectly asserts that he was not required to exhaust administrative remedies prior to bringing an ADA claim. As such, he essentially concedes that he did not file a charge with the EEOC or receive a right-to-sue letter prior to filing this case.

**IV.    Federal Regulatory Claims**

As noted above, Mr. Cermak states that Host failed to maintain certain equipment in compliance with OSHA standards, which caused him to be burned several times. Compl. ¶ 2. Mr. Cermak has also provided several photographs and other documents to the Court apparently showing that he suffered burns on several occasions. ECF No. 1-2 at 13; ECF No. 14; ECF No. 21 at 3, 8–9. Reasonably construed, Mr. Cermak is seeking damages and injunctive relief for Host's alleged OSHA violations. However, "[t]hough a violation of an OSHA regulation may be relevant evidence of whether [a defendant] breached a duty it may have owed [a] plaintiff[], … the regulations do not independently create private rights of action or impose alternative duties on defendants." *Chew v. Am. Greetings Corp.*, 754 F.3d 632, 637 (8th Cir. 2014). Accordingly, to the extent Mr. Cermak seeks damages or injunctive relief based on an alleged violation of OSHA regulations, his Complaint should be dismissed for failure to state a claim. *See Hurlburt v. Lohr Distrib. Co.*, No. 4:17-cv-2733 JMB, 2018 WL 3870109, at *8 & n.4 (E.D. Mo. Aug. 15, 2018) ("Because Plaintiff cannot bring a private claim against Defendant based on an alleged OSHA violation, Count III fails to state an actionable claim for relief.") (citing *Chew*, 754 F.3d at 637).

In his response to the motion to dismiss, Mr. Cermak references other federal regulations he believes Host has violated. For example, he refers to "Federal EPA Title 40 Chapter I Subchater C Part 82 Supbart F all subsections" as the basis for his claims. Pl.'s Resp. at 2. These Recycling and Emission Reduction regulations aim

> to reduce emissions of class I and class II refrigerants and their non-exempt substitutes to the lowest achievable level by maximizing the recapture and recycling of such refrigerants during the maintenance, service, repair, and disposal of appliances and restricting the sale of refrigerants consisting in whole or in part of a class I or class II ozone-depleting substance or their non-exempt substitutes in accordance with Title VI of the Clean Air Act.

40 C.F.R. § 82.150. However, like the OSHA regulations discussed above, these regulations do not create a private right of action, and Mr. Cermak is not challenging agency action via the Administrative Procedure Act. *Cent. S. Dakota Co-op. Grazing Dist. v. Sec'y of U.S. Dep't of Agric.*, 266 F.3d 889, 894 (8th Cir. 2001) ("Although NEPA does not authorize a private right of action, the Administrative Procedure Act (APA)

5

provides for judicial review of agency action."); *Lakes and Parks Alliance of Minneapolis v. Federal Transit Admin.*, 91 F. supp. 3d 1105, 1117–18 (D. Minn. 2015). Accordingly, to the extent Mr. Cermak intends to bring a claim for violation of these EPA regulations, his Complaint should be dismissed for failure to state a claim.

## VI. Minnesota Claims

Mr. Cermak also raises certain claims under Minnesota law. As noted above, he alleges that Host violated Minnesota's health code by hiring unqualified maintenance staff to make repairs to refrigeration equipment. Compl. ¶¶ 3–4. In his response to the motion to dismiss, Mr. Cermak references Minnesota Rules 4626.0450 and 4626.0735, asserting that they "require … equipment to be in good repair and proper adjustment…." Pl.'s Resp. at 2.

Although Host argues that these claims should be dismissed for failure to state a claim, the Court recommends that these claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c). Section 1367(c) provides that a district court "may decline to exercise supplemental jurisdiction over a [state law claim arising out of the same case or controversy as a federal claim] if … the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). Courts should consider whether continuing to exercise supplemental jurisdiction would serve judicial efficiency, convenience, and fairness to the litigators. *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 221 (8th Cir. 1990). Courts look to "the stage of the litigation; the difficulty of the state claim; the amount of time and energy necessary for the claim's resolution; and the availability of a state forum." *Goddard, Inc. v. Henry's Foods, Inc.*, 291 F. Supp. 2d 1021, 1051 (D. Minn. 2003). Especially when the dismissal of federal claims occurs early in the proceedings, declining supplemental jurisdiction over pendent state claims is appropriate. *See Gregoire v. Class*, 236 F.3d 413, 419 (8th Cir. 2000) ("If the claim giving original jurisdiction is dismissed early in the action, before any substantial preparation has gone into the dependent claims, dismissing or remanding the [state claims] upon declining supplemental jurisdiction seems fair enough.") (internal quotations omitted).

Here, this Court has recommended that all of Mr. Cermak's claims arising under federal law should be dismissed at this early stage of litigation. Therefore, declining to exercise supplemental jurisdiction over his state claims will serve judicial efficiency. The Court will not spend significant time and resources managing litigation

6

over purely state-law issues where no federal matters remain in the case. Accordingly, the Court concludes that the District Court should decline to exercise supplemental jurisdiction over Mr. Cermak's state claims pursuant to § 1367(c)(3), and those claims should be dismissed without prejudice.

### Recommendation

Based on the foregoing, the Court makes the following recommendations.

1. Defendant's Motion to Dismiss **(ECF No. 5)** should be **GRANTED**.

2. Mr. Cermak's ADA claim and his federal regulatory claims should be dismissed with prejudice for failure to state a claim.

3. The Court should decline to exercise supplemental jurisdiction over Mr. Cermak's claims under Minnesota law, which should be dismissed without prejudice.

Date: November 27, 2018                    *s/Katherine Menendez*
                                            Katherine Menendez
                                            United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from

the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.

CASE 0:18-cv-01267-SRN-KMM   Doc. 22   Filed 11/27/18   Page 8 of 8