UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawn Timothy Cermak,<br><br>Plaintiff,<br><br>v.<br><br>Host International,<br><br>Defendant. | Case No. 18-cv-1267 (SRN/KMM)<br><br><br>MEMORANDUM OPINION<br>AND ORDER ADOPTING REPORT<br>AND RECOMMENDATION OF<br>MAGISTRATE JUDGE |

Shawn Timothy Cermak, 721 Lake Susan Drive, Apartment 305, Chanhassen, MN 55317, pro se.

Joseph G. Schmitt and Pablo Orozco, Nilan Johnson Lewis PA, 120 South 6th Street, Suite 400, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This case is before the Court on Plaintiff's objections ("Obj.") [Doc. No. 23] to United States Magistrate Judge Katherine Menendez's November 27, 2018, Report and Recommendation ("R&R") [Doc. No. 22]. Magistrate Judge Menendez recommended that the Court dismiss Plaintiff's complaint ("Complaint") in part with prejudice, and in part without prejudice [Doc. No. 1, Ex. 1]. (R&R at 1.) For the reasons set forth below, the Court overrules Plaintiff's Objection, adopts the R&R in full, and dismisses Plaintiff's Complaint in part with prejudice, and in part without prejudice.

**I.     Background**

On April 16, 2018, Plaintiff originally filed his Complaint in Hennepin County District Court. On May 7, 2018, the case was removed to this Court. [Doc. No. 1].

1

Plaintiff first claims that Defendant, Host International, violated the Americans with Disabilities Act ("ADA") by not making reasonable accommodations for Plaintiff at work when it denied Plaintiff a spot in the maintenance department. (Compl. ¶ 1.) Second, Plaintiff contends that Defendant failed to maintain equipment in compliance with Occupational Safety and Health Administration ("OSHA") standards, causing him to be burned. (*Id.* ¶ 2.) Third, he argues that Defendant violated certain Minnesota laws or regulations by improperly repairing a sink. (*Id.* ¶ 3.) Fourth, Plaintiff claims that Defendant hired unqualified maintence staff to make repairs to refrigeration equipment. (*Id.* ¶ 4.) And lastly, he contends that Defendant hired "unqualified supervisors . . . that did not accommodate people with disabilities . . . ." (*Id.* ¶ 5.) Plaintiff seeks damages and various forms of injunctive relief. (*Id.*)

On May 14, 2018, Defendant moved to dismiss this matter under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Def.'s Mem. in Supp. of Mot. to Dismiss [Doc. No. 7] In a thorough and well-reasoned R&R, Magistrate Judge Menendez recommended that the Complaint be dismissed, in part with prejudice, and in part without prejudice. (R&R at 1.) On December 12, 2018, Plaintiff filed timely objections to Magistrate Judge Menendez's R&R. (Obj. at 1.)

Plaintiff raises three objections to the R&R. First, he argues that the Court disregarded evidence that he exhausted the administrative process prior to asserting his ADA claim. (Obj. at 1.) Second, Plaintiff maintains that Defendant did not respond to his "charge," or Complaint. (*Id.*) And finally, he claims that Defendant violated a wage-and-hour regulation. (*Id.*)

## II. Discussion

### A. Standard of Review

This Court reviews *de novo* any portion of the magistrate judge's opinion to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that opinion. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b)(3).

### B. Plaintiff's Objections

First, Plaintiff contends that the Court disregarded the evidence that he presented regarding his exhaustion of the administrative process. (Obj. at 1.) However, Plaintiff has failed to allege that he exhausted his administrative remedies before filing this action. To exhaust the administrative process before filing an ADA claim, Plaintiff was required to timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receive a right-to-sue letter. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2013). Plaintiff provided no evidence nor did he allege in his Complaint that he filed a charge with the EEOC or received a right-to-sue letter. As such, Plaintiff's first objection is overruled.

Second, Plaintiff objects to the magistrate judge's recommended dismissal of his Complaint because Defendant did not respond to his "charge." (Obj. at 1.) It appears that Plaintiff is suggesting that Defendant failed to answer his Complaint. However, Defendant removed the case to federal court and then filed this Motion to Dismiss in lieu of an Answer, which it is entitled to do under Rule 12 of the Federal Rules of Civil Procedure. Thus, Plaintiff's second objection is overruled.

Lastly, Plaintiff objects to the magistrate judge's recommended dismissal of his Complaint because he now alleges that Defendant has violated a wage-and-hour regulation. (Obj. at 1.) But Plaintiff's Complaint does not assert any wage-and-hour violation nor does Plaintiff attempt to explain how Defendant's calculation of overtime pay is improper. Therefore, Plaintiff's third objection is overruled.

## IV. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Cermak's Objection [Doc. No. 23] is **OVERRULED**;

2. Magistrate Judge Menendez's R&R [Doc. No. 22] is **ADOPTED** in its entirety;

3. Defendant's Motion to Dismiss [Doc. No. 5] is **GRANTED**; and

4. Plaintiff's Complaint [Doc. No. 1, Ex. 1] is **DISMISSED IN PART WITH PREJUDICE** as to his ADA and federal regulatory claims, **AND IN PART WITHOUT PREJUDICE** as to his claims under Minnesota law.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: January 18, 2019               s/Susan Richard Nelson
                                      SUSAN RICHARD NELSON
                                      United States District Judge